UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Segundo C, | Civ. No. 26-824 (PAM/JFD) |
| Petitioner, | |
| v. | ORDER |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

Petitioner Segundo C., a citizen of Ecuador, was detained by Immigration and Customs Enforcement on January 27, 2026. His habeas petition does not state where he is located, but the petition is clear that Petitioner is currently being detained outside of Minnesota. (See Pet. (Docket No. 1) ¶ 2 (requesting a "transfer . . . back to Minnesota immediately"). Petitioner brings this habeas action seeking release or, in the alternative, a bond hearing. (See id. at 19.)

Federal district courts are authorized to grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). None of Petitioner's

proffered justifications for filing this action in Minnesota is adequate. (See Pet. ¶¶ 6-7.) The general venue statute for civil actions, 28 U.S.C. § 1391, does not govern habeas actions, see Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971). Petitioner's invocation of 28 U.S.C. § 2241(d) as a basis for the Court's jurisdiction makes even less sense, as Petitioner is not "a person in custody under the judgment and sentence of a State court," and Minnesota is not "a State which contains two or more Federal judicial districts."

Had Petitioner or his attorney stated where Petitioner is currently being detained, then the Court would transfer this matter to that district pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a). Because he has not, the Court dismisses this action without prejudice for lack of jurisdiction. Petitioner, of course, may refile this action in the appropriate venue.

Accordingly, **IT IS HEREBY ORDERED that** this matter is **DISMISSED without prejudice** for lack of jurisdiction.

Dated: January 30, 2026                    *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Judge